# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELIA PRIM,
        Appellant,

     v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0752-14-0025-I-1

DATE: November 21, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Angelia Prim</u>, Loxley, Alabama, pro se.

<u>Barry D. Thorpe</u>, Miami, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant for failure to maintain a regular work schedule. Initial Appeal File (IAF), Tab 5 at 23, 26. The agency's charge specified six instances when the appellant was late without authorization. *Id.* at 26. In deciding to remove the appellant, the agency also considered her prior discipline for attendance problems, which resulted in two 14-day suspensions on February 19, 2013, and June 25, 2013, a letter of warning on February 16, 2012, and a 7-day suspension on December 12, 2012. *Id*. at 24, 26.

¶3 The appellant filed an appeal of her removal and raised affirmative defenses alleging gender discrimination, disability discrimination (failure to accommodate), and harmful procedural error. IAF, Tab 1 at 4, Tab 6 at 2. The administrative judge issued an order informing the appellant of her burden of proof on her affirmative defenses, and she responded. IAF, Tabs 6, 19. After holding the requested hearing, the administrative judge found that the agency proved its charge of failure to maintain a regular work schedule and affirmed the agency's removal decision. IAF, Tab 51, Initial Decision (ID). The administrative judge also found that the appellant failed to prove her affirmative

defenses, the agency proved nexus, and the removal penalty was reasonable.  ID at 5, 7-15.

¶4    The appellant filed a petition for review, consisting of one paragraph in which she expresses her general disagreement with the administrative judge's decision and findings of fact.  Petition for Review (PFR) File, Tab 1 at 3.  The appellant does not specifically dispute any of the charged misconduct.  We have considered the appellant's nonspecific arguments challenging the administrative judge's findings of fact, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge in this appeal.  *See* PFR File, Tab 4 at 6-15; *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶5    On review, the appellant also challenges the administrative judge's finding that she failed to prove her affirmative defense of disability discrimination based on the agency's alleged failure to provide reasonable accommodation for her medical condition of narcolepsy.  PFR File, Tab 1 at 3; IAF, Tab 19.  In support of her petition for review, the appellant argues that everyone in the agency knew about her disability.  PFR File, Tab 1 at 3.  It is undisputed that, when the agency hired the appellant in 2007, a physician certified that she did not require accommodation because her narcolepsy was controlled.  ID at 8; IAF, Tab 5 at 77.  The appellant has not submitted any new evidence or argument showing that: (1) her condition of narcolepsy was no longer controlled, (2) her condition caused her unscheduled absences on the relevant dates, or (3) the administrative judge erred in finding that the appellant failed to establish that she was disabled

pursuant to 29 C.F.R. § 1630.2(g)(1)(i) or (ii).[2]  ID at 9.  We therefore find that the appellant has not shown that the administrative judge erred in finding that she failed to prove her affirmative defense of disability discrimination.  Based on the foregoing, we deny the appellant's petition for review.[3]  ID at 1, 7-15.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

---

[2] In pertinent part, 29 C.F.R. § 1630.2(g)(1) generally defines a person with a disability as an individual with: (i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; or (ii) a record of such an impairment.

[3] Although the appellant attempted to raise additional arguments on review, they are unintelligible and, as such, present no basis for disturbing the initial decision affirming her removal.

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims:  Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.